UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

German Antonio Gonzalez Villegas (A-Number: 243-131-161),

Plaintiff,

v.

Warden of the California City Immigration Processing Center Detention Facility,

Defendant.

No. 1:26-cv-07197-KES-EGC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner German Antonio Gonzalez Villegas is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 11. The court ordered respondents to show cause as to why the petition should not be granted. Doc. 7. Respondents "acknowledge . . . that *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention" and that "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge."[1] Doc. 8.

[1] Respondents' evidence indicates that petitioner was arrested and charged with battery. Doc. 8-2 at 2–3; Doc. 8-4 at 10. But respondents do not argue that such arrest shifted the authority to detain petitioner to 8 U.S.C. § 1226(c).

The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained on the grounds that he is subject to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing at which the government bears the burden to prove that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). For the reasons addressed in these cases, the petition for writ of habeas corpus is GRANTED.[2]

Respondents are ORDERED to provide petitioner German Antonio Gonzalez Villegas (A-Number: 243-131-161) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within fourteen (14) days, then respondents must release him.

---

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of Court is directed to close this case, terminate all pending motions, and enter judgment for petitioner. The Clerk is directed to serve the California City Immigration Processing Center Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: October 22, 2026

UNITED STATES DISTRICT JUDGE